UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. CARNACCHI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LENDUP, et al.,<br><br>　　　　　Defendants. | Case No. 16-cv-04851-JD<br><br>**ORDER OF DISMISSAL**<br><br>Re: Dkt. No. 18 |

Pro se plaintiff Michael Carnacchi has sued defendants LendUp (Flurish Inc., dba), Flurish, Inc., and LendUp Global Inc. (collectively "LendUp") for RICO, equal protection and California state law claims relating to short-term loans he obtained online. Dkt. No. 1. Defendants have moved to compel arbitration based on agreements found in loan documents with Carnacchi. That motion is deferred to another day because a more basic problem in the adequacy of the complaint requires dismissal, with leave to amend.

The operative facts are straightforward. In 2015, Carnacchi took out a series of short-term loans from LendUp. Some loans were in the amount $200, for which Carnacchi paid $230.10 -- an interest charge of approximately 15%. *See, e.g.*, Dkt. No. 1 ¶¶ 17-18. Other loans were in the amount of $250, for which Carnacchi paid $286.80 -- an interest charge of approximately 15%. *Id.* ¶¶ 19-21. On several occasions, Carnacchi was short of funds to repay the loans when due. Each time, he applied for and was granted an extension of the repayment date, with no apparent increase in the interest rate on the loans. *See, e.g., id.* ¶ 27-29.

Carnacchi alleges that, at various times, he had trouble accessing online the documentation for his repayment extensions. When applying for one repayment extension, for example, he could not click through a hyperlink to see modified terms. *Id.* ¶ 27. He contacted LendUp about these difficulties, and the company asked for screenshots showing the problem Carnacchi was having.

*Id*. ¶ 41. Carnacchi provided the screen shots, and LendUp responded that it had "escalated the issue for correction." *Id*. ¶ 43. Carnacchi alleges that he never received a further response from LendUp. *Id.* ¶ 47.

In addition to these allegations, the complaint gives substantial attention to whether Flurish is properly registered to do business in California under the fictitious business name LendUp. *Id*. ¶¶ 1-10. The gravamen of these paragraphs is that it is not.

That is the sum total of the fact allegations. On that basis, Carnacchi attempts to state a federal racketeering claim against LendUp, 18 U.S.C. §§ 1961 *et seq.*, and what appears to be an equal protection claim under the Fourteenth Amendment, among other counts.

A pro se complaint is liberally construed, but it still must allege facts sufficient to state a plausible claim. *Lee v. State of Washington*, 690 Fed. Appx. 974 (9th Cir. 2017). That means the complaint must provide "a short and plain statement . . . showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), including "enough facts to state a claim . . . that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if, accepting all factual allegations as true and construing them in the light most favorable to the plaintiff, the Court can reasonably infer that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility analysis is "context-specific" and not only invites but "requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

The RICO and constitutional claims are the asserted grounds for federal question jurisdiction over the complaint, and so any deficiency in their adequacy also calls the Court's subject matter jurisdiction into question. On the facts currently alleged, neither claim is plausible.

Starting with RICO, a racketeering claim must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's 'business or property.'" *Living Designs, Inc. v. E.I. Dupont de Nemours, and Co.*, 431 F.3d 353, 361 (9th Cir. 2005). Specific types of allegations are required to plausibly state a pattern of racketeering activity and the other elements, *see, e.g., Hobbs v. California*, 551 Fed. Appx. 352, 353 (9th Cir. 2014), none of which are present here. On its face, the complaint alleges

only that Carnacchi elected to take out some short-term loans on which he agreed to pay interest, obtained repayment extensions when he could not meet the agreed-upon due dates, and experienced some problems accessing the extension agreements. Carnacchi's allegations that the debt is unlawful are baseless. Nothing here remotely suggests a pattern of racketeering activity or a corrupt enterprise within the purview of the RICO statute. The allegations that Flurish did not properly register a fictitious business name do not change that conclusion.

The Fourteenth Amendment claim is equally implausible. Carnacchi cites the Equal Protection Clause to claim that a provision about usury in Section 1, Article XV of the California Constitution improperly creates "two classes of citizens based on an individual's wealth." Dkt. No. 1 ¶ 56. Even assuming purely for discussion that wealth distinctions are cognizable as equal protection issues, which itself is a highly doubtful proposition, this claim makes little sense. The claim appears to allege that individuals with a net worth exceeding $25,000 may qualify for exemption from the usury limitations and may charge higher interest rates, while individuals with less than that net worth may not. How or why this even applies to Carnacchi is left unsaid, and the wholly conclusory allegation that this exemption creates "a predator class of citizens who prey upon a suspect class" is neither plausible nor legally tenable.

Consequently, the complaint is dismissed with leave to amend. If Carnacchi chooses to amend, he must file a new complaint by **October 23, 2017**. The new complaint must be consistent with this Order, and further pleading deficiencies will likely result in dismissal with prejudice. The Court declines to address the state law claims until a federal claim is adequately alleged. The motion to send the case to arbitration is denied without prejudice as moot, and may be renewed if the amended complaint is sustained.

**IT IS SO ORDERED.**

Dated: September 22, 2017

JAMES DONATO
United States District Judge